IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NELSON LOPEZ AND ADRIANA LOPEZ, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> BAC HOME LOANS SERVICING, LP, § <br> f/k/a COUNTRYWIDE HOME LOANS § <br> SERVICING, LP and FEDERAL § <br> NATIONAL MORTGAGE § <br> ASSOCIATION, a/k/a FANNIE MAE, § <br> § <br> Defendants. § | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendants Bank of America, N.A. ("Bank of America"), successor by merger to BAC Home Loans Servicing, LP, and Federal National Mortgage Association ("Fannie Mae"), collectively "Defendants," file this Notice of Removal based on diversity jurisdiction grounds under 28 U.S.C. § 1332 and, in the alternative, based on federal question jurisdiction under 28 U.S.C. § 1331.

### I.   INTRODUCTION AND BACKGROUND

1.   On September 16, 2011, Plaintiffs Nelson Lopez and Adriana Lopez ("Plaintiffs") filed a lawsuit against Bank of America[1] in the 125th Judicial District Court of Harris County, Texas (the "State Court Action").  A copy of Plaintiffs' Original Petition for Declaratory Judgment ("Petition") in the State Court Action appears in **Exhibit A**.  Plaintiffs seek to enforce the portion of the Making Homes Affordable Plan ("MHA") known as the Home Affordable

---

[1] On July 1, 2011, the time the lawsuit, BAC Home Loans Servicing, LP ("BAC") merged with its successor Bank of America.  "Defendant" and "Bank of America" are used to refer to Bank of America and to its predecessor BAC.
377457.1

NOTICE OF REMOVAL—PAGE 1

Modification Program ("HAMP") and "to set aside the [allegedly] wrongful foreclosure and to require Defendants to deed the Property back to Plaintiffs." (Pet. ¶¶ 19-31, 34.)

## II.   TIMELINESS OF NOTICE OF REMOVAL

2. Bank of America was served with citation and summons on September 30, 2011. Fannie Mae has not yet been served with citation and summons.[2] Because Defendants have filed this removal within the 30-day timeframe under 28 U.S.C. § 1446 of the first served Defendant, Bank of America, this removal is timely.

## III.   DIVERSITY JURISDICTION GROUNDS

3. Plaintiffs' State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332 (Diversity of Citizenship).

### A.   Complete diversity existed when Plaintiffs filed this lawsuit and at present.

4. Plaintiffs are residents and citizens of Harris County, Texas. (Pet. ¶ 1.)

5. When the lawsuit was filed, BAC had merged with Bank of America. Thus, Bank of America's citizenship controls.[3] Bank of America, a national banking association, is a citizen of North Carolina because it was incorporated under the laws of North Carolina and its principal place of business is North Carolina as provided in its articles of association.[4]

6. Fannie Mae is a federal chartered association with its principal place of business in Washington, D.C..

7. Because Plaintiffs are citizens of Texas and Defendants are citizens of North Carolina and Washington, D.C., complete diversity existed both at the time of filing and at the time of removal.

---

[2] Plaintiffs instead directed service to Fannie Mae's eviction counsel.
[3] BAC was also a citizen of North Carolina for purposes of diversity.

**B.     The Amount in Controversy Exceeds $75,000.**

8.     The amount in controversy is not expressly stated in the Petition; therefore, it must be determined based on the nature of relief requested.  In this case, Plaintiffs seek equitable relief, specifically an injunction to prevent Bank of America from foreclosing on the real property at issue ("Property").  When equitable relief is sought, "the amount in controversy is measured by the value of the object of the litigation."[5]

> [R]egardless of whether the property at issue has been sold in foreclosure or is still held by the lender, the value of the property is the object of the litigation for the purposes of determining whether the amount-in-controversy requirement has been met so long as the plaintiff is seeking injunctive relief to prevent or undo the lender's sale of the property.[6]

9.     To establish the value of the property, Defendants may introduce "summary judgment type evidence."[7]  In this instance, it is proper for the Court to take judicial notice of **Exhibit B**, the Harris County Appraisal District's appraisal of the Property at $116,516.[8]

10.    Because the value of the property exceeds the $75,000 threshold, the amount in controversy requirement is satisfied.

**IV.     ALTERNATIVE REMOVAL GROUNDS: FEDERAL QUESTION**

11.    Under 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."  At bottom, Plaintiffs seek to enforce HAMP

---

[4] 28 U.S.C. § 1348; *see also Hill v. Bank of Am. Corp.*, No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) (Bank of America, N.A. is a national banking association located in the state of North Carolina, as designated in its articles of association).
[5] *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *see also Carrick Trucking, Inc. v. Lamberth*, No. 2:10-cv-02171, 2011 WL 1085616, at *2 (W.D. Ark. March 23, 2011).
[6] *Martinez v. BAC Home Loans Servicing*, LP, 777 F.Supp.2d 1039, 1047-1048 (W.D.Tex. 2010).
[7] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998).
[8] It is appropriate for the court to take judicial notice of **Exhibit B** because it is of public record, readily ascertainable, and the source—Collin County Appraisal District—cannot reasonably be questioned.  *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

377457.1

guidelines and regulations created by the Financial Stability Act of 2009.[9]  Consequently, this Court has original jurisdiction of this case on federal question grounds.  Furthermore, the Court has supplemental jurisdiction over all other causes of action in this cause under 28 U.S.C. § 1367(a) because they all derive from a common nucleus of factual allegations, relating to Defendant's alleged failure to adhere to HAMP guidelines.

## V.     VENUE

12.    Venue is proper in this Court because the alleged events or omissions occurred in Harris County, Texas, and this division "embrac[es] the place where [Plaintiffs' state law] action is pending."[10]

## VI.    ADDITIONAL REQUIREMENTS

13.    Written Notice of Removal will be provided to Plaintiffs and filed with the District Clerk of Harris County, Texas.

14.    Plaintiffs did not demand a jury trial in the State Court Action.

15.    The following documents are attached to this Notice:

**Exhibit A:**    Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders filed with the Court or served upon Defendants

**Exhibit B:**    Harris CAD Property Detail

**Exhibit C:**    Notice of Removal to be filed with Harris County District Clerk

WHEREFORE, having satisfied the requirements for removal under 28 U.S.C. §§ 1331 and 1332, Defendant gives notice that Cause No. 2011-55495, now pending in the 125th Judicial District Court of Harris County, Texas has been removed to this Court.

---

[9] Pub. L. 111-203, 124 Stat. 1376, *et. seq.* (2009).
[10] 28 U.S.C. § 1441(a); s*ee also* 28 U.S.C. 124(b)(2) (stating that the Houston Division of the Southern District of Texas includes Harris County).

377457.1

Respectfully submitted,

**MCGLINCHEY STAFFORD, PLLC**

By: /s/ Jeffrey R. Seewald
**JEFFREY R. SEEWALD**
State Bar No. 17986640
1001 McKinney, Suite 1500
Houston, TX  77002
Telephone :  (713) 520-1900
Telecopier:   (713) 520-1025

**RACHEL L. HYTKEN**
State Bar No. 24072163
McGlinchey Stafford, PLLC
2711 North Haskell Ave., Suite 2750, LB 25
Dallas, Texas  75204
Telephone: (214) 445-2413
Facsimile: (214) 445-2450

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE AND NOTICE OF FILING

I certify that on October 24, 2011, a copy of this Notice of Removal was sent to the District Clerk of Harris County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested.

/s/ Rachel L. Hytken
Rachel L. Hytken

## **CERTIFICATE OF SERVICE**

I certify that a correct copy of the foregoing document has been forwarded to counsel of records for Plaintiffs in accordance with the Federal Rules of Civil Procedure on this 24th day of October, 2011 as follows:

*<u>Via Certified Mail, RRR</u>*
Michael A. Casey
Attorney at Law
4001 Shady Valley Court
Arlington, Texas 76013

*/s/ Rachel L. Hytken*
Rachel L. Hytken